OCTOBER AND NOVEMBER TERM, 1881, No. 132.

## Guffey *versus* Harding.

A rule of court provided that "if the plaintiff shall file, on or before the return day of the writ, with his declaration or statement, or in cases of appeal on or before the first day of the term to which the appeal is entered, an affidavit stating the amount he verily believes to be due from the defendant," with a copy of the book entries or instrument upon which suit was brought, he should be entitled to judgment for want of an affidavit of defence. A subsequent rule provided that "in appeals from the judgments of justices of the peace, no declaration shall be required, but the prothonotary shall enter the plea of *nil debet* to the transcript, and put the cause upon the issue docket; and, on the trial, the merits on both sides shall be heard, without regard to the form of action."

*Held*, that there was no inconsistency between these rules, and that the latter did not abrogate the former.

ERROR to the Court of Common Pleas of *Westmoreland County*.

Appeal of John Guffey and J. J. Hazlett, trading as the Westmoreland Coal Company, from the judgment of a justice for $63, with costs, in favor of J. A. Harding, trading as Harding & Bro.

The transcript was filed January 31st, 1881. On the 3d of February, 1881, the plaintiff filed a narr. copy of account and an affidavit of claim. The affidavit set forth:

" That the annexed account against the Webster Coal Company is correctly copied from the book of original entry of Harding & Bro. ; that the charges were made in said books at or about the time of their respective dates; that the goods for which said charges were made, were sold and delivered as charged; that the charges are correct, and the account just and true as stated ; that there is now due and owing thereon the sum of sixty-one and 17-100 dollars, with interest from the 24th day of March, A.D. 1880; that no part of said sum has ever been paid or in any manner settled, and that there are no deductions or offsets of any kind, except such as are therein specified and credited."

On the 5th of March, 1881, the plaintiff entered judgment under the following rule of Court:

## Rule of Court, No. 10.

" In actions on recognizances, judgments, mortgages, liens of mechanics and materialmen, municipal claims, transcripts from the Orphans' Court, policies of insurance, book accounts, bonds, bills, notes, and other instruments of writing, for the payment of money, and all actions on contract for the payment of money, either express or implied, and whether the same be in writing or not, *and in appeals from the judgments of justices of the peace,* if the plaintiff shall file on or before the return day of the writ, with his declaration or statement, *or in cases of appeal, on or before the first day of the term to which the appeal is entered,* an affidavit stating the amount he verily believes to be due from the defendant, together with a copy of the book entries or instrument upon which the suit is brought, or where the claim is not evidenced by writing, a brief setting forth a full and detailed statement of the same, verified as aforesaid, he shall be entitled to judgment at any time on or after the third Saturday succeeding the return day of the writ, in original cases, or *in appeals, succeeding the first day of the term to which the appeal is entered,* unless the defendant shall have previously filed an affidavit of defence, setting forth fully the nature and character of the same."

On the 7th of March the defendants took a rule to show cause why the judgment should not be stricken off, contending that the above rule of Court was abrogated by rule No. 19, which is as follows:

" In appeals from the judgments of justices of the peace

[Guffey *v.* Harding.]

no declaration shall be required, but the prothonotary shall enter the plea of *ni, debet* to the transcript, and put the cause upon the issue docket; and on the trial the merits on both sides shall be heard without regard to the form of action."

The Court below, HUNTER, J., opened the judgment as to the defendant Hazlett, he having shown by affidavit good grounds of defence, but refused to strike off the judgment and discharge the rule.

To this ruling defendant Guffey excepted and took a writ of error, assigning that the Court erred in entering judgment for want of an affidavit of defence and in refusing to strike off the judgment as to John Guffey.

*Hazlett & Williams* for plaintiffs in error.

With the exception, perhaps, of the learned counsel of the defendant in error, it was the understanding of all the gentlemen of the bar that rule No. 10, as far as it relates to appeals, was abrogated by rule No. 19, and in all the appeals filed since the adoption of the rule permitting such judgment, a judgment for want of an affidavit of defence is unknown.

Rule No. 19 dispenses with all interlocutory pleadings. Being inconsistent and repugnant the later rule prevails.

*W. H. Klingensmith* for defendant in error.

By rule No. 10 the option is given to the plaintiff to file his narr., etc., and compel the defendant to file his defence or proceed under rule No. 19. In either case, or under either rule, the result is the same, viz., a trial on the merits.

No advantage is taken of a defendant, for before he can be called upon to exhibit his defence, the plaintiff is required to exhibit his cause of action.

NOVEMBER 7TH, 1881.—PER CURIAM: We perceive no inconsistency between rules No. 10 and No. 19 of the Court below. The case as against Guffey was clearly within rule 10, and the affidavit of claim was entirely sufficient. If he was not a member of the firm sued as the Webster Coal Company he should have set it up by an affidavit of defence.

Judgment affirmed.